[Cite as *State v. Delisio*, 2026-Ohio-2658.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>      Plaintiff-Appellee,<br><br>- vs -<br><br>RONALD M. DELISIO,<br><br>      Defendant-Appellant. | CASE NO. 2025-G-0043<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2024 C 000167 |

## OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Alexandria R. Scheid*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*R. Robert Umholtz*, Geauga County Public Defender, and *Paul J. Mooney*, Assistant Public Defender, 211 Main Street, Chardon, OH 44024 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Ronald M. Delisio, appeals the judgment of conviction from the Geauga County Court of Common Pleas after his no contest plea to one count of Aggravated Robbery, one count of Assault, and one count of Obstructing Official Business.

{¶2} Appellant has raised five assignments of error arguing: (1) the trial court erred in denying his motion to dismiss on speedy trial grounds; (2) the savings clause provision in R.C. 2945.73(C)(2) is facially unconstitutional; (3) Appellant's sentence was

excessive and contrary to law; (4) Appellant's pretrial bail was excessive and denied him his constitutional right to reasonable bail; and (5) Appellant's trial counsel was ineffective for failing to timely file a motion to dismiss and for failure to file a writ of habeas corpus for excessive bond.

{¶3} Having reviewed the record and the applicable caselaw, we find Appellant's assignments of error are without merit. First, Appellant's speedy trial rights were not infringed, and accounting for tolling events, his case was resolved within the time to bring him to trial. Second, as we have determined that Appellant's speedy trial rights were not infringed, it is unnecessary to address the constitutionality of the savings provision in R.C. 2945.73(C)(2). Third, Appellant's sentence was not contrary to law, and we will not review the trial court's consideration of the statutory seriousness and recidivism factors. Fourth, the issue of Appellant's pretrial bail became moot upon his conviction. Fifth, trial counsel was not ineffective based on our resolution of Appellant's speedy trial and bond arguments.

{¶4} Therefore, the judgment of the Geauga County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} On October 22, 2024, Timothy Michalski went to Appellant's home to repossess Appellant's vehicle. Michalski towed the vehicle away, but soon after, he stopped in a parking lot to adjust the tow hookup. Michalski then got back in the tow truck to drive away. Before he could do that, Appellant's brother, Kevin Delisio, drove up to the truck and blocked it. Appellant exited from the passenger side of that vehicle and pointed a firearm at Michalski. Kevin pulled Michalski out of the truck through the driver's side

Case No. 2025-G-0043

window. Appellant took Michalski's cell phone and threw it into a pond. Appellant told Michalski to remove his vehicle from the tow truck, and Michalski complied. During this interaction, Appellant fired a shot into the ground. Once the vehicle was removed from the tow truck, Appellant left the scene. Appellant was arrested the same day and charged in Chardon Municipal Court.

{¶6} On October 25, 2024, the Chardon Municipal Court held an initial appearance and set Appellant's bond at $500,000.00. The case was bound over to the grand jury on October 31, 2024.

{¶7} On December 9, 2024, the Geauga County Grand Jury indicted Appellant on the following counts: Count 1, Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1), with a three-year firearm specification pursuant to R.C. 2941.145(A); Count 2, Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1), with a three-year firearm specification in violation of R.C. 2941.145(A); Count 3, Kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(2), with a three-year firearm specification pursuant to R.C. 2941.145(A); Count 4, Aggravated Menacing, a first-degree misdemeanor in violation of R.C. 2903.21(A); Count 5, Assault, a first-degree misdemeanor in violation of R.C. 2903.13(A); and Count 6, Discharge of a Firearm On or Near Prohibited Premises, a fourth-degree misdemeanor in violation of R.C. 2923.162(A)(2).

{¶8} Appellant appeared for arraignment on December 11, 2024. Appellant did not enter a plea. Appellant indicated his desire to proceed pro se. The trial court ordered that standby counsel be provided to assist Appellant. Appellant filed a pro se "Motion to

Case No. 2025-G-0043

Quash in Limine." The trial court gave the State 14 days to respond, continued the arraignment, and tolled speedy trial until a decision on the motion could be rendered.

{¶9} Defendant filed several additional motions between December 12, 2024, and December 27, 2024,

{¶10} On January 3, 2025, the trial court overruled Appellant's pending motions.

{¶11} On January 7, 2025, Appellant was present for arraignment, and the trial court ordered that Appellant be evaluated for competency to stand trial. The trial court issued its entry on January 10, 2025.

{¶12} On March 3, 2025, the trial court ordered Appellant to complete a 20-day in-patient period of hospitalization to be assessed at Northcoast Behavioral Healthcare ("NBH") when a bed became available. This order was necessitated by Appellant's refusal to be interviewed.

{¶13} Appellant made several more pro se filings before he was evaluated for his competency to stand trial, including a "Motion to Dismiss/Notice of Dishonor."

{¶14} On April 28, 2025, space became available for Appellant to be assessed at NBH, and the trial court ordered that he be transported on April 30, 2025.

{¶15} On May 22, 2025, the trial court ordered Appellant to be transported back to the Geauga County Jail because he had completed his assessment at NBH.

{¶16} On May 23, 2025, the trial court denied Appellant's pending "Motion to Dismiss/Notice of Dishonor."

{¶17} On May 28, 2025, Appellant was scheduled for arraignment. However, Appellant requested that he be physically present for arraignment, and the trial court re-scheduled the arraignment to an in-person appearance the next day.

Case No. 2025-G-0043

{¶18}   On May 29, 2025, Appellant was deemed competent and entered a not guilty plea. He expressed his desire to proceed pro se, and the trial court ordered standby counsel. The trial court modified  Appellant's bond to $250,000.00, 10% cash or surety. The matter was scheduled for a pretrial on June 3, 2025.

{¶19}   The trial court issued the following scheduling order:

6-3-2025: Pretrial

6-10-2025: Trial management conference

6-16-2025: Trial preparation

6-17-2025: Jury trial

{¶20}   On May 30, 2025, the State filed a "Motion to Modify Bond to Original Amount." On June 2, 2025, the trial court granted the motion and restored the bond to $500,000.00, cash or surety.

{¶21}   On June 3, 2025, Appellant filed a "Motion to Reconsider Order/Motion to Remodify Bond/Motion for Bond Hearing." Appellant also filed a motion to continue, requesting a four-week continuance of the scheduled pretrial to obtain counsel and allow for a bond hearing.

{¶22}   Also on June 3, standby counsel filed a "Notice of Appearance" and a "Letter for Discovery."

{¶23}   The trial court granted Appellant's request for a continuance, rescheduled the pretrial for July 9, 2025, and continued the previously scheduled trial date for September 2, 2025. The trial court ordered that speedy trial time be tolled for the duration of the continuance.

Case No. 2025-G-0043

{¶24} On June 10, 2025, the trial court held a hearing to reconsider bond and modified Appellant's bond to $300,000.00, cash or surety.

{¶25} On June 12, 2025, Appellant filed a reciprocal discovery response.

{¶26} On July 29, 2025, Appellant filed a "request for Leave to file Plea of Not Guilty by Reason of Insanity [("NGRI")] and Request for Evaluations." On August 6, 2025, the trial court granted the motion.

{¶27} On August 12, 2025, Appellant entered an NGRI plea. On August 14, 2025, the trial court ordered Appellant to be evaluated pursuant to R.C. 2945.371.

{¶28} On August 28, 2025, Appellant filed a "Motion to Withdraw Previously Filed Plea of Not Guilty by Reason of Insanity." On August 29, 2025, the trial court granted the motion.

{¶29} On September 3, 2025, the trial court held a trial management and competency hearing. At the hearing, Appellant withdrew the issue of competency, and the matter was set for trial.

{¶30} On September 8, 2025, the trial court held an oral hearing. At that hearing, despite the earlier withdrawal of the competency issue, the parties stipulated to Appellant's competency report, and the trial court found Appellant competent to stand trial. Appellant also moved to dismiss on speedy trial grounds.

{¶31} The parties agreed that 62 days were to be counted toward Appellant's speedy trial time from October 22, 2024, through June 3, 2025. After that point, however, the State and Appellant diverged on their calculations. Appellant asserted that speedy trial had run out as of September 1, 2025.

{¶32}   The State asserted that speedy trial would run on September 25, 2025. The State alternatively argued that even if speedy trial had run, R.C. 2945.73 allowed a 14-day grace period for the State to proceed to trial within 14 days of the trial court's finding that speedy trial had expired.

{¶33}   The trial court overruled Appellant's motion finding that speedy trial had not run and that "even if there was a finding that speedy trial time had run," R.C. 2945.73(C)(2) allowed the State to bring Appellant to trial within 14 days. The trial court noted that trial was already set for the following week.

{¶34}   Following that hearing, the parties entered into a plea agreement, and Appellant pled no contest to the following: Amended Count 1, Obstructing Official Business, a fifth-degree felony in violation of R.C. 2921.31(A), with a three-year firearm specification pursuant to R.C. 2941.145(A); Count 2, Aggravated Robbery, a first-degree felony; and Count 5, Assault, a first-degree misdemeanor. The remaining counts were dismissed.

{¶35}   On October 27, 2025, the trial court held a sentencing hearing. The trial court stated that it considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness of recidivism factors under R.C. 2929.12. The trial court found that the victim suffered physical injury and psychological harm as a result of the offense. The trial court rejected Appellant's argument that he had acted under strong provocation. However, the trial court did take into account substantial grounds to mitigate the conduct based on statements made during the sentencing hearing indicating that Appellant was "going through a number of very difficult and stressful things at that time."

Case No. 2025-G-0043

{¶36} The trial court determined Appellant had a history of criminal convictions and did not find that he was genuinely remorseful based on the statements made in court and in the presentence investigation. The trial court found that Appellant had led a law-abiding life for a significant number of years in favor of Appellant being less likely to commit future crimes.

{¶37} On Amended Count 1, the trial court ordered a 12-month prison sentence, consecutive to the three-year prison sentence for the gun specification but concurrent to any other counts. On Count 2, the trial court ordered a minimum, mandatory 8 years imprisonment with an additional indefinite sentence of 4 years to be run concurrently to any other counts. On Count 5, the trial court ordered 180 days in jail to be served concurrently to any other counts.

{¶38} Appellant timely appealed raising five assignments of error.

**Assignments of Error and Analysis**

{¶39} Appellant's first assignment of error states: "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO SPEEDY TRIAL WHEN THE TRIAL COURT ERRED IN DENYING HIS MOTION TO DISMISS."

{¶40} Appellant argues that the trial court erred in its calculation of his speedy trial time and tolling events. According to his calculation, the speedy trial time expired on July 5, 2025.

{¶41} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending "shall be brought to trial within two hundred seventy days after the person's arrest." Because Appellant did not post bail, he is entitled to a three-for-one calculation,

meaning the State needed to bring him to trial within 90 days, less any tolling events. *See* R.C. 2945.71(E); R.C. 2945.72.

{¶42} "[T]he burden to timely try a defendant rests upon the prosecution and trial courts and . . . a defendant is not required to either demand a timely trial or object to a trial setting outside the periods set forth in R.C. 2945.71 and is to be accorded the benefits of time limitations prescribed therein." *State v. Wentworth*, 54 Ohio St.2d 171, 173 (1978).

{¶43} Courts are to enforce the right to a speedy trial strictly. *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus. Statutory speedy trial issues present a mixed question of fact and law. *State v. Hiatt*, 120 Ohio App.3d 247, 261 (4th Dist.1997). The reviewing court is to accept the facts as found by the trial court provided they are supported by competent credible evidence. *Id*. However, the court freely reviews the application of the law to the facts. *Id.*

{¶44} "An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by charging in a motion to dismiss that he or she was held solely on the pending charge and for a time exceeding the R.C. 2945.71 time limits." *Id.* If the accused presents a prima facie case, then the burden shifts to the state to show that the statutory limit in R.C. 2945.71 has not been exceeded by demonstrating that the time limit had been properly extended pursuant to R.C. 2945.72. *Id.*

{¶45} Generally, "[t]he speedy trial clock may be temporarily stopped, i.e., tolled, only for the reasons set forth under R.C. 2945.72." *State v. Sedlak*, 2011-Ohio-870, ¶ 13 (11th Dist.). R.C. 2945.72 provides that the "time within which an accused must be brought to trial . . . may be extended only by" the following:

(A) "Any period during which the accused is unavailable for hearing or trial";

Case No. 2025-G-0043

(B) "Any period the accused is mentally incompetent to stand trial" or during which the accused's mental competency is being determined;

(C) Any delay resulting from the accused's lack of counsel;

(D) "Any period of delay occasioned by the neglect or improper act of the accused";

(E) Any delay necessitated by a plea, motion, proceeding, or action of the accused;

(F) Any delay resulting from removal or change of venue;

(G) Any period during which the trial is stayed by statutory requirement or order of the court;

(H) "The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal is filed pursuant to R.C. 2945.67; and

(J) Any period during which an appeal or petition for a writ has been filed pursuant to R.C. 2930.19.

{¶46} Appellant's speedy trial time is calculated as follows:

| Date: | Event: | Speedy trial days: |
|---|---|---|
| 10-22-24 | Appellant was arrested | 0 |
| 12-11-24 | Appellant files "Motion to Quash" | 50 |
| 1-3-25 | Trial court rules on motions | 50 |
| 1-10-25 | Competency evaluation ordered | 57 |
| 5-29-25 | Appellant deemed competent/arraigned | 57 |
| 6-3-25 | Appellant files a motion to reconsider and motion to continue scheduled PT | 62 |
| 7-29-25 | Appellant enters NGRI plea | 62 |
| 9-2-25 | Appellant withdraws NGRI plea; | |

Case No. 2025-G-0043

| | |
|---|---|
| new trial date set for 9-16-25 | 62 |
| 9-8-25      Appellant enters plea | 62 |

{¶47} Appellant argues that the time NBH took to furnish a bed should not have tolled the statutory "clock" for his being tried. However, Appellant necessitated the delay because he refused to submit for an interview. Further, the delay in availability of a bed at NBH was a reasonable delay, and the trial court's order contemplated that such a delay might be necessary.

{¶48} Appellant also argues that the tolling for his competency evaluations should end upon his return to the county jail rather than upon the completion of the hearing to determine competency. Again, this is incorrect and directly contradicts the plain language of R.C. 2945.72(B). ("Any period . . . during which the accused's mental competence to stand trial is being determined").

{¶49} Next, Appellant suggests that only the four weeks he requested for his continuance should be charged against him and that any time after that should not be tolled. When Appellant filed his motion to continue the June 3, 2025 pretrial for four weeks, the trial already was scheduled for June 17, 2025. So, granting Appellant's motion to continue the pretrial necessarily required rescheduling the jury trial that fell within Appellant's requested four-week continuance. The trial court rescheduled the pretrial five weeks later. However, Appellant does not control the trial court's docket and cannot seek to reschedule matters on his schedule.

{¶50} R.C. 2945.72(H) provides that the speedy trial time is tolled during "[t]he period of *any* continuance granted on the accused's own motion, and the period of *any reasonable continuance* granted other than upon the accused's own motion." (Emphasis

added.) By filing the motion to continue, Appellant subjected himself to the trial court rescheduling the pretrial and trial to the next reasonably available date. *See Sedlak*, 2011-Ohio-870, at ¶ 13 (11th Dist.) (a reasonable continuance granted pursuant to R.C. 2945.72(H) must be "reasonable in both purpose and length"). Therefore, when Appellant filed his June 3, 2025 motion to continue the pretrial for a period of four weeks, R.C. 2945.72(H) allowed the trial court to grant a reasonable continuance of the pretrial even beyond what Appellant specifically requested. In granting Appellant's motion, the trial court continued the previously set June 3, 2025 pretrial for July 9, 2025, and also rescheduled the previously set June 17, 2025 jury trial for September 2, 2025. Because "[t]he period of any continuance granted on the accused's own motion" extends speedy trial time, speedy trial was tolled the entire period between June 3, 2025, when Appellant requested a continuance, and September 2, 2025, when the trial court rescheduled the jury trial date. *See* R.C. 2945.72(H).

{¶51} An additional, independent extension of speedy trial time resulted when Appellant entered an NGRI plea on July 9, 2025. This necessitated cancelling the September 2, 2025 jury trial date. Appellant then withdrew his NGRI plea on September 3, 2025, and the jury trial was scheduled for September 16, 2025. Because Appellant caused the cancellation of the scheduled September 2, 2025 trial date, the time between withdrawing the NGRI plea and the newly scheduled trial date was tolled. Appellant then entered a plea on September 8, 2025, after 62 days of his speedy trial time had elapsed.

{¶52} Based on our calculation of Appellant's speedy trial time, the trial court did not err in overruling Appellant's motion to dismiss for speedy trial violations.

{¶53} Accordingly, Appellant's first assignment of error is without merit.

Case No. 2025-G-0043

{¶54} Appellant's second assignment or error states: "OHIO REVISED CODE SECTION 2945.73(C)(2) IS FACIALLY UNCONSTITUTIONAL."

{¶55} Appellant argues that the savings provision in R.C. 2945.73(C)(2) is facially unconstitutional. However, we decline to reach the merits of Appellant's assignment for two reasons.

{¶56} First, Appellant failed to raise this issue in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus; *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10 ("A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below.")

{¶57} Second, as addressed under Appellant's first assignment of error, Appellant's speedy trial time had not yet expired. Because of this, the savings provision in R.C. 2945.73(C)(2) was not implicated. We decline to address a merely theoretical assignment of error.

{¶58} Accordingly, Appellant's second assignment of error is without merit.

{¶59} Appellants third assignment of error states: "APPELLANT RECEIVED AN EXCESSIVE SENTENCE CONTRARY TO LAW."

{¶60} Appellant asserts that the "sentencing Court lost its way and failed to *truly* consider the relevant factors of R.C. 2929.12(C) when sentencing Appellant." (Emphasis added.) In essence, Appellant asks that we review the trial court's consideration of the "less serious" findings and determine that the trial court's sentence was not appropriate.

{¶61} Our standard of review of felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
>> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>>
>> (b) That the sentence is otherwise contrary to law.

{¶62} In *State v. Jones*, 2020-Ohio-6729, the Supreme Court of Ohio explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12. The Court determined that R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). *Id.* at ¶ 28. R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29.

{¶63} R.C. 2953.08(G)(2)(b) permits an appellate court to review whether a sentence is "otherwise contrary to law." But, in *Jones*, the Court determined that this phrase is not "equivalent" to "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.* at ¶ 34. Thus, the *Jones* Court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court

concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶64} That is precisely what Appellant wants us to do. The trial court noted the reasons for its findings under R.C. 2929.12. Appellant has not otherwise suggested that his sentence is contrary to law. Therefore, we decline to review the trial court's consideration of the statutory seriousness and recidivism factors.

{¶65} Accordingly, Appellant's third assignment of error is without merit.

{¶66} Appellant's fourth assignment of error states: "APPELLANT WAS DENIED HIS CONSTITUTIONAL AND STATUTORY RIGHT TO REASONABLE BAIL."

{¶67} Appellant next argues that he was denied his right to reasonable bail because the bail amount was unconstitutionally excessive.

{¶68} Appellant's bond was originally $500,000.00, cash or surety. Appellant sought a modification, and the trial court reduced bail to $250,000.00, 10% cash or surety. The State requested a restoration of the original bail, and the trial court again set bail at $500,000.00, cash or surety. Appellant then sought reconsideration, and, after a hearing, the trial court set bail at $300,000.00, cash or surety.

{¶69} "Following conviction, any error concerning the issue of pretrial bail is moot." *State ex rel. Casanova v. Lutz*, 2023-Ohio-1225, ¶ 3. The appropriate remedy is to file a writ of habeas corpus prior to conviction to seek modification of bail. *Id.* Because of this, Appellant's assignment of error is not well taken.

{¶70} Accordingly, Appellant's fourth assignment of error is without merit.

{¶71} Appellant's fifth assignment of error states: "APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

Case No. 2025-G-0043

{¶72} Appellant argues that trial counsel was ineffective for two reasons: first, because trial counsel failed to file a timely motion to dismiss for the State's failure to bring Appellant to trial within the speedy trial limits, and second, because trial counsel failed to file a writ of habeas corpus for excessive bail.

{¶73} In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 2007-Ohio-4959, ¶ 49 (11th Dist.), quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An appellant must demonstrate (1) counsel was deficient in some aspect of representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland* at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A failure to "satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 2000-Ohio-448, ¶ 49.

{¶74} An appellant "'must show that the attorney made errors so serious that he or she was not functioning as "counsel" as guaranteed by the Sixth Amendment, and . . . that he or she was prejudiced by the deficient performance.'" *Story* at ¶ 49, quoting *State v. Batich*, 2007-Ohio-2305, ¶ 42 (11th Dist.). Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). "Debatable trial

Case No. 2025-G-0043

tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). "'Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial.'" *State v. Henderson*, 2007-Ohio-2372, ¶ 42 (8th Dist.), quoting *State v. Shannon*, 1982 WL 5057, *2 (9th Dist. June 16, 1982).

{¶75} As we have already determined that Appellant's speedy trial rights were not violated, we conclude trial counsel was not ineffective for failing to file a motion to dismiss sooner.

{¶76} Next, although trial counsel may not have filed a writ of habeas corpus, trial counsel did seek modification of bail during the pendency of the case. As stated above, the issue of Appellant's pretrial bail is now moot. Because of this, we will not consider whether trial counsel was ineffective for failing to file a writ of habeas corpus.

{¶77} Accordingly, Appellant's fifth assignment of error is without merit.

{¶78} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

 concur.

Case No. 2025-G-0043

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0043